J-S70016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT FENNELL | |
| Appellant | No. 1119 EDA 2016 |

Appeal from the PCRA Order March 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0406281-2005

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 13, 2017**

Robert Fennell appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas, dated March 22, 2016, dismissing his serial petition filed under the Post-Conviction Relief Act ("PCRA")[1] as untimely.  Fennell seeks relief from the judgment of sentence imposed on December 4, 2006, following his jury convictions of unlawful restraint, aggravated assault, robbery of a motor vehicle, kidnapping, and criminal conspiracy.[2]  On appeal, Fennell contends the PCRA court erred in dismissing his claim asserting the newly-discovered evidence exception to

---

[1]  42 Pa.C.S. §§ 9541-9546.

[2]   18 Pa.C.S. §§ 2902, 2702(a)(1), 3702(a)(1)(ii), 2901, and 903, respectively.

the timeliness requirement. After careful review, we reverse and remand with instructions.

On February 25, 2005, Fennell and his two co-conspirators kidnapped the victim, his family and two neighbors in order to rob a check-cashing business where the victim's wife worked.[3] On September 22, 2005, a jury convicted Fennell of the above-mentioned crimes. The trial court sentenced him on November 15, 2006.[4] A panel of this Court affirmed the judgment of sentence on July 16, 2008, and the Pennsylvania Supreme Court denied his petition for allowance of appeal ("PAA") on April 1, 2009. *Commonwealth v. Fennell*, 959 A.2d 961 [915 EDA 2007] (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 968 A.2d 231 (Pa. 2009).

---

[3] *See* Trial Court Opinion, 10/10/2007, at 1-3.

[4] We note that in a prior PCRA decision, a panel of this Court indicated the record was unclear as to the length of Fennell's sentence:

> The Commonwealth and the present trial court opinion state that his sentence was 10 to 20 years' imprisonment. However, a trial court opinion filed October 7, 2007, prepared during [Fennell]'s direct appeal, states that he was sentenced to 17 to 34 years' imprisonment. [Fennell]'s PCRA petition claims that he was sentenced to 20 to 40 years' imprisonment. Neither the sentencing order nor the sentencing transcript appears in the record before us. Fortunately, [Fennell] raises no issue related to sentencing, and the discrepancy is of no moment.

*Commonwealth v. Fennell*, 48 A.3d 478 [1748 EDA 2011] (Pa. Super. 2012) (unpublished memorandum at 1-2 n. 1). Upon reviewing the record again, we agree that the length of Fennell's sentence remains unclear. Nevertheless, as will be discussed below, Fennell does not raise a sentencing-related issue in his present appeal.

- 2 -

Since then, Fennell has filed three petitions under the PCRA.[5]  None of these petitions has provided Fennell any relief.  Fennell filed the present *pro se* PCRA petition, his fourth, on March 19, 2014.  After determining that the petition was untimely, the PCRA court denied relief on March 22, 2016.[6]  This *pro se* appeal followed.[7]

Fennell raises the following issues for our review:

1.  Whether the PCRA court erred by dismissing [Fennell]'s PCRA [petition] as untimely, even though the PCRA petition was filed within 30 days of the discovery of new evidence.

2. Whether the PCRA court erred by failing to address the merits of the case[, w]hereas it was discovered that a juror lied on the voir dire when he denied ever being convicted of crimes when asked by the trial judge.

Fennell's Brief at iv.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition.  Thus, we must first determine whether the instant PCRA petition was timely filed."  **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

---

[5]  **See** PCRA Court Opinion, 5/10/2016, at 2.

[6]  The record reveals the PCRA court did not issue a Pa.R.Crim.P. 907 notice before it dismissed Fennell's fourth petition.  Nonetheless, Fennell did not challenge the lack of Rule 907 notice on an appeal, which constitutes waiver of any rule-related claim.  **See Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007).

[7]  The PCRA court did not order that Fennell file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b).  On May 10, 2016, the court issued an opinion under Pa.R.A.P. 1925(a).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id**.

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, our review of the record reveals the Pennsylvania Supreme Court denied Fennell's PAA on April 1, 2009. **See Commonwealth v. Fennell**, 968 A.2d 231 (Pa. 2009) (*per curiam*). Therefore, Fennell's judgment of sentence became final on June 30, 2009, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. As such, any PCRA petition had to be filed by June 30, 2010. Fennell did not file the present PCRA petition until March 19, 2014. Accordingly, Fennell's petition is patently untimely.

Nevertheless, an untimely PCRA petition may be considered if one of the following three exceptions applies:

- 4 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).[8]

As indicated above, Fennell's allegations touch upon the newly discovered fact exception in Section 9545(b)(1)(ii). Specifically, Fennell states he discovered that a juror provided false information regarding that juror's criminal background during *voir dire* and the juror's perjured statement violated Fennell's constitutional rights. **See** Fennell's Brief at v.

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts

---

[8] Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). It merits mention that Fennell's brief is disjointed and rambling at various points.

upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. ***Id.*** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

Here, Fennell states he "has exercise[d] due diligence in order to protect his own interests" where "he repeatedly wrote letters to his trial counsel Scott J. O'Keefe requesting copies of his entire file including transcripts, exhibits, and medical files of the officers in the case." Fennell's Brief at 2. Fennell points out that on March 14, 2007, O'Keefe sent a copy of the notes of testimony to Fennell and "informed him that was everything [counsel] had." ***Id.*** However, Fennell alleges he "did not receive the jury transcripts until December 31, 2013, from a co-defendant who he has not seen or spoke to since the trial in 2006." ***Id.*** Moreover, Fennell asserts that he did not receive a background report regarding the juror at issue until February 14, 2014, and therefore, he "did not and could not have learned of

- 6 -

the juror misconduct" until that date. ***Id.*** at 3. He states he then filed his PCRA petition on March 19, 2014, well within the 60-day requirement. ***Id.***

The PCRA court succinctly determined the claim presented in Fennell's fourth PCRA petition was "not asserted within 60 days of the date [it] could have been presented[,]" and therefore, the court was "without jurisdiction to address the merits" of Fennell's petition. PCRA Court Opinion, 5/10/2016, at 4.

We disagree and find Fennell did meet his burden under the newly discovered fact exception. We are mindful of the following:

The state legislature has provided the following criteria for juror qualifications, in pertinent part:

> **(a) *General rule.*** — Every citizen of this Commonwealth who is of the required minimum age for voting for State or local officials and who resides in the county shall be qualified to serve as a juror therein unless such citizen:
>
> …
>
> **(3)** has been convicted of a crime punishable by imprisonment for more than one year and has not been granted a pardon or amnesty therefor.

42 Pa.C.S. § 4502(a)(3).

> A criminal defendant's right to an impartial jury is explicitly granted by Article 1, Section 9 of the Pennsylvania Constitution and the Sixth Amendment of the United States Constitution. The jury selection process is crucial to the preservation of that right. The purpose of *voir dire* is to provide an opportunity to counsel to assess the qualifications of the prospective jurors to serve. It is therefore appropriate to use such an examination to disclose fixed opinions or to expose other reasons for disqualification. It is well settled that the sole purpose of examination of jurors

under *voir dire* is to secure a competent, fair, impartial and unprejudiced jury.

***Commonwealth v. Ellison***, 902 A.2d 419, 423 (Pa. 2006) (citations omitted). Moreover,

> "'[i]t is the duty of the parties to ascertain, by proper examination at the time the jury is impaneled, the existence of any reasons for objection to the jurors.... [T]he failure to do so and to make objection at the proper time operates as a waiver....'" Such a waiver will be excused, however, where "'the party affected has been intentionally misled or deceived by the juror or the opposite party[.]'"

***Commonwealth v. Didyoung***, 535 A.2d 192, 193 (Pa. Super. 1988) (citations omitted).

Based on the record before us, we find Fennell pled sufficient facts to support the newly-discovered facts exception to the timeliness requirements, and that he acted with due diligence. In his PCRA petition, Fennell pled he continuously requested transcripts from his attorneys after he was convicted. **See** Pro Se PCRA Petition, 3/19/2014, attachment. He indicated that in March of 2007, counsel sent him a copy of all the notes of testimony counsel had in his file, but the copy did not include the voir dire transcripts. Fennell alleged he did not receive the *voir dire* transcripts until December 31, 2013, when he was finally able to obtain them from a co-defendant. **Id.** Furthermore, Fennell pled he did not learn of the juror at issue's alleged criminal background until February 14, 2014, when a prison mate assisted him in doing the background check. **Id.** Fennell includes a February 15, 2014, affidavit from the prison mate, Anthony Murphy, who averred,

"[Fennell] has been asking me to help him to get a background report for over a year but I could not get it until Feb[ruary] 13 20[1]4." **See** Pro Se PCRA Petition, 3/19/2014, Anthony Murphy's Affidavit. Fennell then filed his PCRA petition on March 19, 2014, well within the 60-day requirement.

As indicated above, Fennell sufficiently pled that facts regarding the juror were unknown to him at the time of trial and could not have been discovered. Moreover, based on the specific circumstances of this case, Fennell appears to have demonstrated he acted with due diligence in obtaining the information, and reasonable steps to protect his own interests. **See Carr**, 768 A.2d at 1168. As such, it appears Fennell properly invoked the newly-discovered facts exception to the PCRA's time-bar rule. Therefore, we conclude the PCRA court erred in determining the claim presented in Fennell's fourth petition was not asserted within 60 days of the date it could have been presented. Accordingly, we reverse the PCRA court order and remand this matter for a hearing to allow Fennell to prove he acted with due diligence, and if the court determines he has done so, then to demonstrate the merits of his underlying issue.[9]

---

[9] We are aware that in its brief, the Commonwealth points out that Fennell may have incorrect criminal background information regarding the juror at issue. **See** Commonwealth's Brief at 12 n.4. We find the PCRA evidentiary hearing on Fennell's petition will be the appropriate time to address this allegation.

Order reversed. Case remanded for a hearing. Jurisdiction relinquished.

Judge Musmanno joins in this Memorandum.

Judge Olson files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2017